FILED
SUPERIOR COURT
OF GUAM

2023 FEB 28 PM 4: 15

CLERK OF COURT

BY:_____

# In The Superior Court Of Guam

| | |
|---|---|
| ROBERT P. SALAS, | Case No.: CV0422-22 |
| Plaintiff, | |
| v. | **DECISION AND ORDER GRANTING LANDSCAPE MANAGEMENT SYSTEMS, INC.'S MOTION TO STRIKE/DISMISS THIRD-PARTY COMPLAINT** |
| B-7, LLC, CATHERINE B. ANDERSON, as Trustee of the CATHERINE B. ANDERSON TRUST, and as Successor Trustee of the BRYAN B. BENAVENTE TRUST, | |
| Defendants. | |
| B-7, LLC, | |
| Third Party Plaintiff, | |
| v. | |
| LANDSCAPE MANAGEMENT SYSTEMS, INC. | |
| Third Party Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 1st day of December, 2022, for a scheduling conference and hearing on the Motion to Strike/Dismiss Third Party Complaint ("Motion") brought by Third-Party Defendant Landscape Management Systems, Inc ("LMS"). Attorney Mitch Thompson represented Plaintiff Robert Salas ("Salas") and Third-Party Defendant LMS, attorney Pat Civille represented B-7, LLC ("B-7), and attorney John

Ramos represented Catherine Anderson ("Anderson"). The Court now issues the following Decision and Order on the Matter.

## BACKGROUND

This action was filed by Salas seeking to partition real property in which he owns an undivided interest. He filed his Complaint for Partition on August 3, 2022. Compl., at 2-3. Anderson filed and Answer stating that the Court should "order the partition of the Subject Property according to the respective rights and interest[s] of the parties hereto" but denies that the costs should be borne by the defendants but rather solely by the Plaintiff. Answer at 2-3 (Aug. 29, 2022). Subsequently, B-7 filed an Answer and Counterclaim, and Third-Party Complaint ("Third-Party Complaint") on Sept. 14, 2022. The Third-Party Complaint alleged two causes of action against LMS, trespass onto the subject real property and rent for LMS' occupation of the real property. Answer and Counterclaim and Third-Party Compl. at 6-8.

LMS filed a Motion to Strike/Dismiss Third-Party Complaint based on the notion that they are an improper third party defendant under Guam Rule of Civil Procedure ("GRCP") Rule 14. Mot. To Strike/Dismiss Third-Party Compl. at 2 (Oct. 14, 2022).[1] B-7 replied arguing against the Motion to Strike that LMS can be joined as a party under GRCP Rule 19 or Rule 20, and therefore dismissal of the complaint would not be appropriate. Opp. Mot. Strike/Dismiss Third-Party Compl. (Nov. 14, 2022). Additionally, B-7 requests leave to amend the Third-Party Complaint should the Court find in favor of LMS. *Id.* at 7. The Court held a hearing on December 1, 2022 and subsequently took the matter under advisement.

---

[1] LMS moved the Court to dismiss the Third-Party Complaint in a footnote without providing additional analysis on the relevant 12(b)(6) standard and as it applies to the claims asserted by B-7. The Court therefore declines to consider LMS' Motion to Dismiss, and examines the Motion to Strike.

## DISCUSSION

### I. Third-Party Claims Must be Derivatively Based on the Plaintiff's Claim Against the Third-Party Plaintiff.

Third-party claims and complaints are governed by the provisions of GRCP Rule 14. Rule 14(a) provides, in relevant part:

> At any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action, who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

GRCP 14(a). GRCP Rule 14 is analogous to Rule 14 of the Federal Rules of Civil Procedure, and Guam relies on federal precedent as highly persuasive when interpreting the GRCP. *Ukau v. Wang*, 2016 Guam 26 ¶ 28.

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative. It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *United States v. One 1977 Mercedes Benz*, 708 F.2s 444, 452 (9th Cir. 1983). A "crucial characteristic" of a Rule 14 action is "that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [the defendant] by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). The rule provides that the third-party defendant must be derivatively liable to the claims made by the plaintiff against the third-party plaintiff.

Here, Salas' original claims is for partition of undivided property between Salas, Anderson, and B-7. Compl. at 2-3. B-7 asserts two claims against LMS in the Third-Party Complaint, trespass onto the subject real property and rent for LMS' occupation of the real property. Answer and Counterclaim and Third-Party Compl. at 6-8. The claim against LMS is

not derivatively related to the claim for partition originally made by Salas as they are not related to partitioning the property based on the respective rights and interest of the parties. Therefore, LMS is not a proper third-party defendant under GRCP Rule 14(a), and the Court grants LMS' Motion to Strike. The Court notes the B-7 argues in their Opposition that they never brought the action under GRCP Rule 14(a), but the form of the Third-Party Complaint clearly complies with GRCP Rule 14 rather than GRCP Rule 13 to properly bring Counterclaims and Cross-claims.

## II.     Leave to Amend Should Always be Liberally Granted.

B-7 in the alternative requested that the Court grant them leave to amend the Third-Party Complaint. B-7 argues that LMS was properly brought based on the counterclaim by B-7 against Salas, but the form of the answer dictated that LMS would be pled in under a third-party claim. Opp. Mot. Strike/Dismiss Third-Party Compl. (Nov. 14, 2022). LMS may be a party to this partition based on their purported use and interest in the property, and would need to be added under GRCP Rule 19 if they are deemed a necessary party, or GRCP Rule 20 as a permissive party. "[I]n matters of pleading, leave to amend should always be liberally granted." *Arashi & Co. v. Nakashima Enters., Inc.*, 2005 Guam ¶ 16 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, the Court grants B-7 leave to amend the Third-Party Complaint to properly plead in LMS to this partition action.

## CONCLUSION AND ORDER

Based upon the foregoing reasons, LMS' Motion to Strike is GRANTED. Additionally, the Court GRANTS B-7 leave to amend the Third-Party Complaint and ORDERS that the amended complaint is filed within twenty-one (21) days of this Order.

SO ORDERED, this _____ day of _____FEB 2 8 2023_____, 2022,

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
Thompson, Civille
Caso
Date: _____ Time: 2/28/23
Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam